```
*******************************************
                                            *
In the Matter of the Arbitration            *
                                            *
         between                            *
                                            *
Sargeant Trading Ltd. and Sargeant Marine,  *
Inc., as Owners of the M/V FU NING WAN      *
and the M/V ASPHALT SUMMER                  *
                                            *
            and                             *     DECISION and FINAL AWARD
                                            *
Betteroads Asphalt Corp., as Charterer      *
                                            *
Under EXXONMOBILVOY 2005 Charter            *
Parties dated March 27, May 7, June 4 and   *
July 23, 2014                               *
                                            *
*******************************************
```

Before:          Manfred W. Arnold
                 Thomas F. Fox
                 Stephen H. Busch, Chairman


Appearances:     BLANK ROME LLP, for and on behalf of Sargeant Trading Ltd.
                 and Sargeant Marine, Inc.

                 By: John D. Kimball, Esq. and Lauren Wilgus, Esq.

                 Nolla, Palou & Casellas, LLC, for and on behalf of Betteroads
                 Asphalt Corp.

                 By: Cristina M. Hernández-Ramos, Esq.

INTRODUCTION

This arbitration concerns the non-payment of outstanding demurrage claimed by Sargeant Trading Ltd. and Sargeant Marine, Inc. (hereinafter referred to collectively as "Sargeant" or "Claimant") against Betteroads Asphalt Corp. (hereinafter referred to as "Charterer" or "Respondent"). The demurrage was incurred by Claimant's vessels, M/V *ASPHALT SUMMER* and M/V *FU NING WAN* over the course of four voyages while under charter to Respondent.

BACKGROUND

Pursuant to charter parties dated March 27, May 7, June 4 and July 23, 2014, Respondent contracted with Claimant to carry four cargoes of asphalt, varying between 32,000 and 37,000 barrels each. Three were loaded at Amuay Bay, Venezuela and one was loaded at Curaçao, N.A.; all were discharged at Guayanilla, P.R. The four charter parties were based upon the EXXONMOBILVOY 2005 form with logical and/or negotiated terms. Laytime provisions were identical, although the demurrage rates varied from $19,500 to $24,500 per day. Demurrage was incurred on each voyage, and totaled $369,860.22, which is the principal amount claimed by Sargeant. All four charter parties provided for arbitration in New York conducted "before the Society of Maritime Arbitrators." In addition, Clause K (Special Provisions) contained the following language with respect to claims:

[2]

"...THE FACT THAT THE OWING PARTY HAS NOT COLLECTED DEMURRAGE OR RECOVERED SETTLEMENT FROM A THIRD PARTY SHALL NOT BE AN EXCUSE OR DEFENSE FOR NON OR DELAYED PAYMENT TO OWED PARTY..."

For the purposes of our decision, it is unnecessary to recite or even discuss the events and delays that led to the demurrage incurred on each individual voyage, because the amounts of each claim have been conceded by the Charterer. In fact, Respondent has acknowledged the debt, and its only defense appears to be that the demurrage invoices, which it had passed on to its asphalt suppliers (P.D.V.S.A. and Refineria Isla Curaçao B.V.), have not been paid. Nonetheless, Claimant has provided the arbitrators with the full particulars of each claim, including contract terms, port logs, Statements of Fact, demurrage calculations and copies of the invoices.

On March 17, 2015, counsel for Sargeant sent four separate letters to the Charterer, demanding payment of the demurrage invoices for each voyage on or before March 25, failing which Claimant would commence arbitration proceedings to recover the amount owed, including "...all costs and legal fees incurred in connection with the arbitration." No payments were made, but on March 25, the deadline for payment, Respondent sent the following e-mail to Claimant and its counsel:

> "Good afternoon,
>
> We confirm the receipt of your letter [sic] dated March 17, 2015
>
> As per our records, Betteroads Asphalt, LLC owes demurrage charges to Sargeant Trading Ltd. ("STL") and Sargeant Marine Inc. ("SMI"). At this moment, we have demurrage claims pending collection from P.D.V.S.A., our material supplier, amounting to $1,005,724.34, which includes the amounts due to STL and SMI. In the past, we have been paying demurrage invoices with our own funds, but the current market and local government situation has not permitted us to continue doing so.

[3]

However, we are making the necessary diligences to be able to issue a partial payment of $100,000, reducing the balance due by next Monday, March 30, 2015. Payment will be remitted by wire transfer of funds.

Best regards,

*Marisel Rivera*
Vice-president of Finance
Betteroads Asphalt LLC

However, March 30 also came and went without any payment by Respondent, and Claimant then initiated this arbitration.

### THE PROCEEDING

On April 2, 2015, Sargeant appointed Manfred W. Arnold as arbitrator. Respondent did not appoint an arbitrator. On April 23, pursuant to Section 10 of the Rules of the Society of Maritime Arbitrators, Inc. ("SMA"), Claimant appointed Thomas F. Fox as arbitrator on Respondent's behalf.[1] Messrs. Arnold and Fox then selected Stephen H. Busch to serve as the third arbitrator and chair for procedural purposes.

On April 30, after providing their disclosures to the parties, the arbitrators established a schedule for documentary submissions. Respondent was to submit its answer to the claims within two weeks of the receipt of Claimant's submission. Sargeant e-mailed its submission on May 1, followed by hard copies that were received on May 4. Pursuant to the panel's direction, Respondent was required to submit its answer by

---

[1] Section 10 of the SMA Rules provides that when there is no specific provision regarding the timing of the appointment of arbitrators, if the respondent fails to appoint an arbitrator within 20 days of receiving the claimant's demand, the claimant may appoint an arbitrator on respondent's behalf, who shall act with the same force as if appointed by respondent.

[4]

May 15. However, since nothing was received from Respondent by the May 15 deadline, this proceeding was closed on May 19.

Claimant seeks an award in the amount of $369,860.22 for outstanding demurrage, plus interest. In addition, Sargeant seeks an award of its costs and attorneys' fees in the amount of $7,891.08[2] and an assessment of the arbitrators' fees and expenses against Respondent.

On May 26, an e-mailed letter from Respondent's counsel purported to address Claimant's submission, but largely reiterated the content of its March 25 e-mail, to wit, that it did not contest the demurrage owed to Claimant, but that its suppliers at Amuay Bay and Curaçao were, for the most part, responsible for the vessels' delays. The letter also clearly acknowledged Respondent's awareness of the express provision in the charter parties that payment of demurrage was due irrespective of whether or not it was recoverable from third parties, but noted that its suppliers' failure to pay demurrage made it difficult for Respondent to pay the full amount at once. In a second attempt to reach an agreement with Sargeant, the Charterer offered to pay $20,547.79 per month until the entire $369,860.22 debt was repaid (18 months). However, because the parties had no agreement as to the payment of interest, Respondent asked that Claimant's demand for interest be denied. In a brief response, Claimant dismissed Respondent's letter as having no merit.

---

[2] Attorneys' Declaration dated May 22, 2015.

[5]

DISCUSSION AND DECISION

There can be no question from the evidence before the panel that Respondent is liable for the demurrage as claimed. The only thing that has been challenged by Respondent – albeit belatedly – is Claimant's entitlement to interest on the demurrage owed, on the grounds that payment of interest was never agreed upon between the parties. However, this argument is unpersuasive because it is well established that the awarding of interest is merely a fair and just compensation to an injured party for the lack of use of monies over the period they were owed. Accordingly, we award Claimant demurrage in the amount of $369,860.22, as claimed, plus interest at the rate of 3.25 percent per annum,[3] calculated from the invoice date for each vessel and voyage to the date of this award, as follows:

| M/T *ASPHALT SUMMER* | May 5, 2014 | $ 17,355.00[4] |
| M/T *FU NING WAN* | May 23, 2014 | $ 25,731.88[5] |
| M/T *ASPHALT SUMMER* | June 17, 2014 | $125,898.96[6] |
| M/T *FU NING WAN* | August 26, 2014 | $200,874.38[7] |

Pursuant to Section 30 of the SMA Rules, arbitrators have the discretion to award attorneys' fees and costs, as well as the arbitrators' fees and expenses, against either party, or make an allocation between them. In this case, because Respondent has

---

[3] Based upon the published prime lending rate by the Federal Reserve Bank.
[4] Claimant's Exhibit C. This figure, originally $44,581.25, was offset by a partial payment of $27,226.25.
[5] Claimant's Exhibit A.
[6] Claimant's Exhibit D.
[7] Claimant's Exhibit B.

[6]

admitted to Sargeant's claims and offered no valid defense for the non-payment, there is a compelling reason to grant Claimant's attorneys' fees and costs incurred in the prosecution of this arbitration. We do so in the amount of $7,891.08, as stated in counsel's Declaration. For the same reason, we assess the arbitrators' fees and expenses of $3,900 [8] in full against the Charterer, which are due and payable in the first instance by Claimant upon issuance of this Award.

### AWARD

Respondent is directed to pay Claimant forthwith the sum of $392,642.23 which is calculated as follows:

| | |
|---|---:|
| Outstanding demurrage | $369,860.22 |
| Interest at 3.25 percent per annum from 05/05/14 to 06/20/15 on $17,355.00 | 635.12 |
| Interest at 3.25 percent per annum from 05/23/14 to 06/20/15 on $25,731.88 | 900.44 |
| Interest at 3.25 percent per annum from 06/17/14 to 06/20/15 on $125,898.26 | 4,125.32 |
| Interest at 3.25 percent per annum from 08/26/14 to 06/20/15 on $200,874.38 | 5,330.05 |
| Claimant's attorneys' fees and costs | 7,891.08 |
| Arbitrators' fees and expenses | 3,900.00 |
| TOTAL DUE CLAIMANT | $392,642.23 |

---

[8] Mr. Arnold - $1,250; Mr. Fox - $1,050; Mr. Busch - $1,600

Interest at the rate of 3.25 percent per annum is to continue on the principal sum of $369,860.22 from the date of this Award until the Award is paid, or reduced to judgment, whichever first occurs.

Pursuant to the arbitration provision of the contract and Title 9, U.S.C., §1 *et seq.*, for purposes of enforcement, this Award may be reduced to judgment in any court of competent jurisdiction.

_____
Manfred W. Arnold

_____
Thomas F. Fox

_____
Stephen H. Busch, Chairman

New York, NY
June 20, 2015

[8]